UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                          Plaintiff,

            -against-

KATHLEEN LEONARD (INDIVIDUAL &
OFFICIAL CAPACITY); BUFFALO POLICE
DEPARTMENT; THE STATE OF NEW
YORK; BUFFALO CITY COURT; COUNTY
OF ERIE; JUDGE PATRICIA MAXWELL;
JUDGE PENNY WOLFGANG; ERIKA L.
WEBB; CLAIR ANYTHONY MONTROY III;
THOMAS P. AMODEO; CITY COURT OF
BUFFALO, SMALL/COMM. CLAIMS PART;
JANE DOE OFFICER; 911 OPERATOR
JANE DOE; WITNESS AT "SC-00310-
17/BU;" JOHN DOE; MARGARET L.
CHINNI; CLAIR MONTROY III, ESQ.,

                          Defendants.

19-CV-8159 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, appearing *pro se,* brings this action alleging that Defendants violated his rights

in Buffalo, New York. For the following reasons, this action is transferred to the United States

District Court for the Western District of New York.

        Under the general venue provision, a civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim
        occurred . . . ; or (3) if there is no district in which an action may otherwise be
        brought as provided in this section, any judicial district in which any defendant is
        subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued

in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

Plaintiff alleges that Defendants violated his constitutional rights. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claims arose in Buffalo (Erie County), New York, which is in the Western District of New York. *See* 28 U.S.C. § 112(d) Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 23, 2019
           New York, New York

                                              COLLEEN McMAHON
                                    Chief United States District Judge